# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH BREWINGTON, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL D. KLOPOTOSKI, *et al.*, | : | No. 09-3133 |
| Respondents. | : | |

**Norma L. Shapiro, S.J.**                                               **July 6, 2010**

## MEMORANDUM

Petitioner Keith Brewington ("Brewington"), a prisoner at the State Correctional Institution at Dallas, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 on July 15, 2009. The petition was referred to Chief United States Magistrate Judge Thomas J. Rueter ("Chief Magistrate Judge Rueter"), who issued a Report and Recommendation ("R&R") that the petition be dismissed as untimely.

Brewington, objecting to the R&R, asserts that: (1) the R&R fails to state the true history of his case; (2) the present habeas petition should relate back to the petition filed at Civil Action No. 01-1172; and (3) this petition is timely filed as a result of statutory and equitable tolling.

The R&R will be adopted and the petition will be dismissed.

## I. FACTS AND PROCEDURAL HISTORY

Brewington argues that Chief Magistrate Judge Rueter did not fairly set forth the factual and procedural history of his case. After careful and independent consideration of the petition for writ of habeas corpus, the government's response thereto, and the state court record; and after review of the R&R of Chief Magistrate Judge Rueter and Brewington's objections thereto, this objection will be denied.

On June 7, 1991, following a jury trial before the late Honorable Juanita Kidd Stout in the Court of Common Pleas of Philadelphia County, Brewington was convicted of first degree murder and conspiracy to commit first degree murder. Brewington was sentenced to life imprisonment on the murder count, and a concurrent term of five to

ten years imprisonment on the conspiracy count. His direct appeal was unsuccessful. *Commonwealth v. Brewington*, 740 A.2d 247 (Pa. Super. Ct. 1999). The Pennsylvania Supreme Court denied Brewington's request for discretionary review on May 4, 2000. *Commonwealth v. Brewington*, 758 A.2d 660 (Pa. 2000) (table). Brewington did not petition for writ of certiorari with the United States Supreme Court.

On June 15, 2000, Brewington filed a *pro se* petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541, *et seq.* Believing the PCRA proceedings were unreasonably delayed, Brewington filed a *pro se* petition for writ of habeas corpus before this court on February 20, 2001. Petition, *Brewington v. Varner*, No. 01-1172 (E.D. Pa.). Because Brewington's PCRA petition was still pending before the state courts, this court dismissed the federal habeas petition without prejudice for failure to exhaust state court remedies. Order, *Brewington v. Varner*, No. 01-1172 (E.D. Pa. Feb. 15, 2002).

In his PCRA proceeding, Brewington was afforded the assistance of court-appointed counsel, and an amended petition was filed on February 7, 2002. Brewington asserts that he was unaware of the amended petition, and that he did not consent to the elimination of claims by court-appointed counsel.

On November 20, 2002, the PCRA court dismissed Brewington's petition on the merits. The Superior Court affirmed the dismissal on April 13, 2004. *Commonwealth v. Brewington*, 852 A.2d 1244 (Pa. Super. Ct. 2004) (table).

On May 11, 2004, Brewington filed a second *pro se* PCRA petition. Brewington retained private counsel, and counsel filed a *Finley* "no-merit" letter.[1] The PCRA court dismissed the petition as untimely. Order, *Commonwealth v. Brewington*, No. 1989-0302 (Ct. Com. Pl. Phila. April 15, 2005). The Superior Court affirmed on June 23, 2006. *Commonwealth v. Brewington*, No. 955 EDA 2005 (unpublished) (Pa. Super. Ct. June 23, 2006).

On August 28, 2006, Brewington filed his third PCRA petition. The PCRA court dismissed the petition as untimely on June 1, 2007. Order, *Commonwealth v. Brewington*,

---

[1] A *Finley* letter, also known as a "no merit" letter, is a letter brief submitted by counsel to a court explaining that there are no meritorious issues. *See Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1998).

No. 1989-0318 (Ct. Com. Pl. Phila. June 1, 2007).  The Superior Court affirmed on February 5, 2008.  *Commonwealth v. Brewington*, No. 1893 EDA 2007 (unpublished) (Pa. Super. Ct. Feb. 5, 2008).

Brewington filed the instant petition for writ of habeas corpus on July 15, 2009 asserting four grounds for relief: (1) prosecutorial misconduct; (2) trial court error; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel. Chief Magistrate Judge Rueter filed an R&R recommending the petition be dismissed as untimely.

## II. STANDARD OF REVIEW

Federal courts have jurisdiction over petitions for writs of habeas corpus challenging state confinement in violation of the United States Constitution. 28 U.S.C. § 2241.  A district court reviews *de novo* those portions of a magistrate judge's report and recommendation to which objections were made. *See* 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

### A. One-Year Time Limit on Habeas Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for prisoners requesting habeas corpus relief under 28 U.S.C. § 2254. Specifically, Section 2244(d) of Title 28 of the United States Code provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See generally, Jones v. Morton*, 195 F.3d. 153, 157 (3d Cir. 1999).

B.     **Statutory Tolling**

Brewington argues that his second and third PCRA petitions were improperly deemed untimely by the state courts, and should toll the federal habeas statute of limitations.

Under the plain terms of Section 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the period for direct review expires. The running of the limitations period, however, is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court.  A properly filed state petition is one "submitted according to the state's procedural requirements, such as the rule governing the time and place for filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).

An untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition. *See Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, 534 U.S. 944 (2001).  Pennsylvania prisoners must file their initial and subsequent PCRA petitions within one year of the date the judgment becomes final, unless the petition alleges and the petitioner can prove one of three exceptions.[2]  42 Pa.C.S. § 9545(b)(1).  A federal court is bound by a state court's determination that a PCRA petition was untimely and thus not "properly filed."  *Merritt v. Blaine*, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003).

---

[2]     Section 9545 provides three exceptions:
(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Any petition invoking the exceptions must be filed within sixty days from the date the claim could have been presented.  42 Pa.C.S. § 9545(b)(2).

The Pennsylvania Supreme Court denied Brewington's request for allowance of appeal from his conviction on May 4, 2000. Brewington's conviction became final for purposes of Section 2244(d) and the PCRA statute ninety days later, on August 2, 2000, when the period for seeking review from the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999).

Brewington filed his first *pro se* PCRA petition on June 15, 2000, prior to commencement of the Section 2244 limitations period. The PCRA petition, a properly-filed state post- conviction proceeding, tolled the running of the statute of limitations for the period June 15, 2000 through May 13, 2004, thirty days after the Superior Court affirmed the entry of dismissal, and Brewington's time for appealing to the Pennsylvania Supreme Court expired. *See* Pa. R. App. P. 1113 (petition for allowance of appeal shall be filed within thirty days of a Superior Court's decision).

The Pennsylvania Superior Court held that Brewington's second and third PCRA petitions, filed in 2004 and 2006, respectively, were filed beyond Pennsylvania's one year jurisdictional requirement and untimely. *Commonwealth v. Brewington*, No. 955 EDA 2005 (unpublished) (Pa. Super. Ct. June 23, 2006); *Commonwealth v. Brewington*, No. 1893 EDA 2007 (unpublished) (Pa. Super. Ct. Feb. 5, 2008). Brewington's second and third PCRA petitions did not toll the limitations period under 28 U.S.C. § 2244(d)(2) because they were not properly filed in state court.

Brewington's habeas limitations period commenced running on May 13, 2004 and expired on May 13, 2005; his time to assert federal claims based on his original conviction expired May 13, 2005.

### C. Relation Back

Brewington argues that his 2001 petition for writ of habeas corpus was timely filed, and the instant petition should relate back.

A state prisoner may not seek habeas relief in federal court if he has failed to raise the alleged error in state court. At the time Brewington filed his petition, habeas petitions including unexhausted claims for which state proceedings remained available had to be dismissed. *See* 28 U.S.C. § 2254(b)(1), (c); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to

seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.").[3]

When a habeas petition is dismissed without prejudice, the petition is treated as if it never existed. *Hull v. Kyler*, 190 F.3d 88, 103-04 (3d Cir. 1999); *see also, e.g., Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) (habeas petition filed after a prior one was dismissed without prejudice is considered the petitioner's first habeas petition). If a petition is dismissed for failure to exhaust state remedies, a subsequent petition filed after exhaustion cannot be considered an amendment to the prior petition, but must be considered a new action. *Jones v. Morton*, 195 F.3d 153, 160-61 (3d Cir. 1999).

This court dismissed, without prejudice, Brewington's first habeas petition because it was filed while his first PCRA petition was pending. It is as if the first petition never existed. Further, because Brewington had not exhausted his state remedies before filing the 2001 petition, the instant petition cannot relate back. Brewington's second objection will be overruled.

Even if it had been clear at the time of Brewington's first federal petition that the district court had discretion to "stay-and-abey" while Brewington exhausted his claims in state court, he was not entitled to the procedure. The total exhaustion rule of *Rose v. Lundy* remains a requirement before habeas relief may be granted. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that district courts possess limited discretion to "stay-and-abey" federal habeas petitions while a petitioner pursues exhaustion. *Id.* at 276-77 ("[S]tay and abeyance should be available only in limited circumstances."). The Court held that a petitioner must demonstrate: (1) good cause for failure to first exhaust state claims; (2) the unexhausted state claims are potentially meritorious; and (3) he has not engaged in intentionally dilatory litigation tactics. *Id.* at 278.

Brewington's state PCRA petition was pending at the time he first sought federal habeas relief. There was no risk that the AEDPA limitations period might expire, or

---

[3] In subsequent decisions the Supreme Court made clear that district courts have limited discretion to use the "stay and abeyance" procedure to allow petitioners to exhaust state claims while maintaining a federal petition. *Rhines v. Weber*, 544 U.S. 269 (2005) (mixed petitions); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (reasonable confusion about state post-conviction filing deadlines).

that confusion might arise with respect to the federal filing deadline, because the entire 365 day period was tolled for the duration of Brewington's first PCRA proceeding, June 15, 2000 to May 13, 2004. Consequently, when the AEDPA period commenced on May 13, 2004, Brewington had a full year to properly present his claims before the district court. No good cause existed for Brewington's failure to wait until the state proceedings were concluded before properly seeking federal relief.

### D. Equitable Tolling

Brewington argues that he is entitled to equitable tolling of the federal habeas statute of limitations based upon extraordinary circumstances, including being misled by the district attorney and this court during the pendency of the habeas petition in Civil Action No. 01-1172.

Section 2244(d) is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, No. 09–5327, 560 U. S. \_\_\_\_ , \_\_\_\_ (June 14, 2010) (slip op., at 12); *accord Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616 (3d Cir. 1998). The one-year filing requirement is a statute of limitations, not a jurisdictional rule. *Day v. McDonough*, 547 U. S. 198, 205 (2006); *see also Jones*, 195 F.3d at 159. A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some *extraordinary* circumstance stood in his way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (emphasis added). In *Jones v. Morton*, our Court of Appeals held that a finding of equitable tolling is proper only in "extraordinary" and "rare" circumstances, such as "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." 195 F.3d at 159.

The Supreme Court recently addressed "whether and when attorney misconduct amounts to an 'extraordinary circumstance' that stands in a petitioner's way and prevents the petitioner from filing a timely petition." *Holland*, 560 U.S. \_\_, \_\_ (slip op., at 2) (Alito, J., concurring). Attorney negligence is not ordinarily an extraordinary circumstance warranting equitable tolling, "particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U. S. 327, 336-37 (2007); *Coleman v. Thompson*, 501 U. S. 722, 752, 756 (1991) (because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," there is "no

7

inequity in requiring [the petitioner] to bear the risk of attorney error that results in a procedural default."). However, serious attorney misconduct may warrant equitable tolling. *See Holland*, 536 U.S. at ___; *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001) (observing that claims of attorney misconduct may provide a basis for equitable tolling), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002).

In *Holland v. Florida*, the Supreme Court determined that the conduct of petitioner Holland's attorney before the expiration of the AEDPA limitations period constituted far more than "garden variety" or "excusable neglect," and warranted further consideration by the Court of Appeals or an evidentiary hearing. 560 U.S. at ____ (slip op., at 19-21). In 1997, Holland was convicted of first-degree murder and sentenced to death. *Id.* (slip op., at 2). His conviction became final, and the AEDPA limitations period commenced, when the United States Supreme Court denied his petition for *certiorari* on October 1, 2001. *Id.* The attorney appointed to represent Holland in all state and federal post-conviction proceedings waited until twelve days before expiration of the AEDPA period to file a motion for state post-conviction relief tolling the limitations period. *Id.* For the next three years, as Holland's state petition made its way through the courts, Holland repeatedly wrote to his attorney and stressed his desire to preserve all claims for federal review, and at least twice corrected his attorney's misunderstanding of the law governing time limitations on requests for writ of habeas corpus. *Id.* (slip op., at 3-9). Holland's federal district court petition was filed five weeks late.

The Supreme Court concluded that the egregious nature of the attorney's conduct was so extraordinary that it warranted additional consideration. The Court observed that Holland's attorney:

> failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so[;] did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules[;] failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information[; and] failed to

> communicate with his client over a period of years, despite
> various pleas from Holland that [the attorney] respond to his
> letters.

*Id.* (slip op., at 20).

Brewington argues that he was prejudiced by PCRA counsel's filing an amended petition which "deleted and eviscerated" the issues he wished to raise in the PCRA and habeas petitions. Counsel amended Brewington's first PCRA petition, *prior* to the commencement of the AEDPA limitations period. The conduct of Brewington's counsel in amending a state petition for post-conviction relief,[4] in a non-capital case, does not rise to the level of extraordinary circumstances criticized in *Holland v. Florida*. Brewington does not allege and the record does not show how his counsel's conduct prevented him from filing a timely *federal* petition. The conduct of his counsel does not constitute an extraordinary circumstance warranting equitable tolling.

Brewington argues that the Philadelphia District Attorney, Magistrate Judge Charles B. Smith, and this court misled him in dismissing his prior, unexhausted habeas petition. He argues that the Philadelphia District Attorney misled him and the district court when it asserted the exhaustion defense in response to Brewington's 2001 petition, because the district attorney was aware that court-appointed PCRA counsel had filed an amended PCRA petition eliminating most of Brewington's claims. There is no merit to this contention; this court properly dismissed Brewington's prior petition under 28 U.S.C. § 2254(b)(1) and (c) for failure to exhaust any of his state claims; whether his court-appointed PCRA counsel had amended the pending state court petition was irrelevant.

Brewington argues that the court misled him because he was never given the "deletion option;" that is, the option to proceed only on exhausted claims without refiling a new petition. This option was not available to Brewington at the time of the

---

[4] Because Brewington was not constitutionally entitled to counsel during his applications for post-conviction relief, *Coleman v. Thompson*, 501 U. S. 722, 752, 756 (1991), he is not entitled to the presumption of unfairness that may arise when counsel's deficient performance results in the forfeiture of a judicial proceding. *See, e.g., Roe v. Flores-Ortega*, 528 U.S. 470, 482-84 (2000) (presumption of prejudice may arise if counsel's deficient performance actually caused the forfeiture of the defendant's direct appeal).

9

2001 habeas petition because his first PCRA petition remained pending and <u>none</u> of his claims had been exhausted.

Neither is Brewington entitled to relief under the decision in *Urcinoli v. Cathel*, 546 F.3d 269, 275 (3d Cir. 2008). In that case, our Court of Appeals observed that while the district court was correct in dismissing without prejudice petitioner's first habeas petition for failure to exhaust state remedies, the dismissal did not occur until after the AEDPA one year statute of limitations had expired. Consequently, the district court's decision had the effect of preventing any federal review of petitioner's claims and equitable tolling was proper. Here, the AEDPA statute of limitations had not yet begun to run when Brewington's prior petition was dismissed; the period did not commence until May 13, 2004, and Brewington had one full year from that date to pursue a federal habeas petition.

No extraordinary circumstances prevented Brewington from filing a timely petition. His third objection will be overruled.

## IV. CONCLUSION

The instant petition, filed July 15, 2009, is untimely because the statute of limitations for all Brewington's claims expired on May 13, 2005, and there is no basis to support equitable tolling. Brewington's objections to Chief Magistrate Judge Rueter's R&R will be overruled. The R&R will be adopted, and the petition for writ of habeas corpus will be denied as untimely. An appropriate order will follow.