IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH BREWINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 09-3133 |
| | : | |
| MICHAEL D. KLOPOTOSKI, THE | : | |
| DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PHILADELPHIA, THE | : | |
| ATTORNEY GENERAL OF THE STATE | : | |
| OF PENNSYLVANIA | : | |

NORMA L. SHAPIRO, J.                                           MARCH 29, 2012

## MEMORANDUM

Petitioner Keith Brewington ("Brewington"), an inmate at the Dallas State Correctional Institution in Dallas, Pennsylvania, has filed a *pro se* motion for equitable relief under Federal Rule of Civil Procedure 60(b), Article III of the United States Constitution, and 28 U.S.C. § 2243.  Brewington seeks to vacate the July 6, 2010 Memorandum and Order denying his second habeas corpus petition under 28 U.S.C. § 2254 as untimely, and to reopen his proceedings.  The issues are whether the court has jurisdiction to consider all the claims in the equitable relief motion and whether the court erred by dismissing the second habeas petition as untimely.  For the reasons set forth below, the equitable relief motion will be denied.

I.    BACKGROUND

A state court jury convicted Brewington of first degree murder and conspiracy to commit first degree murder.  The court sentenced him to life imprisonment on the murder count and to a concurrent term of five to ten years' imprisonment on the conspiracy count.  The Superior Court of Pennsylvania affirmed the conviction on direct appeal, *Commonwealth v. Brewington*, 740

A.2d 247, 258 (Pa. Super. Ct. 1999), and the Supreme Court of Pennsylvania denied his request for discretionary review. *Commonwealth v. Brewington*, 758 A.2d 660 (Pa. 2000). Brewington did not petition the United States Supreme Court for a writ of certiorari.

Brewington filed a timely *pro se* petition for collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541, *et seq*. While the PCRA petition was pending, Brewington filed a *pro se* federal petition for writ of habeas corpus. Pet., *Brewington v. Varner*, No. 01-1172 (E.D. Pa. Feb. 20, 2001). The court, adopting the Report and Recommendations ("R&R") issued by Magistrate Judge Charles B. Smith, dismissed the habeas petition without prejudice for failure to exhaust state court remedies because of the pending PCRA petition. Order, *Brewington v. Varner*, No. 01-1172 (E.D. Pa. April 16, 2002).

The PCRA court appointed counsel for Brewington; counsel filed an amended PCRA petition. The PCRA court dismissed the amended petition on the merits; the Superior Court of Pennsylvania affirmed the dismissal on April 13, 2004. *Commonwealth v. Brewington*, 852 A.2d 1244 (Pa. Super. Ct. 2004). Brewington had until May 13, 2004 to seek review with the Supreme Court of Pennsylvania, but did not do so. On May 13, 2004, the one-year statute of limitations for Brewington to file a federal petition for writ of habeas corpus accrued. *See* 28 U.S.C. § 2244(d)(1).

On May 11, 2004, Brewington filed a second *pro se* PCRA petition. The PCRA court dismissed the second PCRA petition as untimely. Order, *Commonwealth v. Brewington*, No. 1989-0302 (Ct. Com. Pl. Phila. April 15, 2005). The Superior Court of Pennsylvania affirmed the dismissal. *Commonwealth v. Brewington*, No. 955 EDA 2005 (Pa. Super. Ct. June 23, 2006) (unpublished). Brewington did not seek review with the Supreme Court of Pennsylvania. The

second PCRA petition did not toll the statute of limitations for federal habeas relief because the petition was untimely. *See* 28 U.S.C. § 2244(d)(2). The limitations period for federal habeas relief expired on May 13, 2005.

On August 28, 2006, Brewington filed a third *pro se* PCRA petition. The PCRA court dismissed the third PCRA petition as untimely. Order, *Commonwealth v. Brewington*, No. 1989-0318 (Ct. Com. Pl. Phila. June 1, 2007). The Superior Court of Pennsylvania affirmed the dismissal, *Commonwealth v. Brewington*, 953 A.2d 594, No. 1893 EDA 2007 (Pa. Super. Ct. Feb. 5, 2008), and the Supreme Court of Pennsylvania denied Brewington's request for review. *Commonwealth v. Brewington*, 968 A.2d 1280 (Pa. 2009).

Brewington filed a second *pro se* federal petition for writ of habeas corpus on July 15, 2009–over four years after the limitations period expired. The court, adopting the R&R issued by Chief Magistrate Judge Thomas J. Rueter, dismissed the petition as untimely. *Brewington v. Klopotoski et al.*, 2010 WL 2697477, at *6 (E.D. Pa. July 6, 2010). The Court of Appeals denied Brewington's application for a certificate of appealability. Order, *Brewington v. Klopotoski, et al.*, No. 10-3209 (3d Cir. Oct. 21, 2010).

Brewington, filing the instant motion for equitable relief, seeks vacatur of the court order dismissing the second federal habeas petition. He alleges:

(1) the Philadelphia Police Department and Philadelphia District Attorney committed a fraud on the court during Brewington's trial and PCRA proceedings;

(2) the court erred in deeming the second habeas petition as untimely because his first habeas petition should have been held in abeyance or subject to equitable tolling; and

(3) Magistrate Judge Smith should have excused the first habeas petition from the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") exhaustion requirement because of inordinate delay in the state PCRA proceedings.[1]

## II.  DISCUSSION

### A.  Federal Rule of Civil Procedure 60(b)

Brewington may seek vacatur of the court order dismissing his second habeas petition and reopen his action based on a limited set of circumstances, including:

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . . or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Brewington asserts timely claims under Rule 60(b)(3) and (b)(6).[2]

Brewington asserts, under Rule 60(b)(3), the Philadelphia Police Department and Philadelphia District Attorney committed a fraud on the court during his trial and PCRA proceedings.  The court must first determine whether the Rule 60(b)(3) claim is a habeas petition subject to AEDPA restrictions.

AEDPA, codified in relevant part at 28 U.S.C. §§ 2241-2266, governs habeas corpus

---

[1] Brewington asserts other claims in his motion, including: (1) he raised unspecified issues that respondents fail to address; (2) he has proven constitutional and structural errors requiring an automatic reversal of his conviction; (3) his successive counsels committed errors; (4) he never received a complete copy of the trial transcript for use during the appeals process; and (5) his Sixth Amendment rights were violated.  Brewington does not supply authority for these additional claims; "a passing reference to an issue in a brief will not suffice to bring that issue before this court."  *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1066 (3d Cir. 1991).

[2] A motion under Rule 60(b)(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  A motion under Rule 60(b)(6) "must be made within a reasonable time."  *Id.*  The Brewington motion, filed on May 4, 2011, seeks to vacate the court's order of July 6, 2010, and is within the time limit prescribed by Rule 60(c).

petitions for prisoners in state custody. 28 U.S.C. § 2254. A habeas corpus petition filed under § 2254 is the only means for an inmate to obtain relief from state custody. *See Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001). Although AEDPA did not expressly circumscribe the operation of Rule 60(b), Rule 60(b) only applies to habeas proceedings under § 2254 to the extent it is consistent with applicable federal statutory provisions and rules. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

A Rule 60(b) motion is deemed a petition for writ of habeas corpus under § 2254 if the motion asserts a "federal basis for relief from a state court's judgment of conviction." *Id.* at 530. A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*" is deemed a petition for writ of habeas corpus. *Id.* at 532. "[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). There is a narrow exception for a Rule 60(b) motion asserting a previous ruling precluding a merits determination was in error (for example, a denial for such reason as a statute-of-limitations bar). *Gonzalez*, 545 U.S. at 532 n.4. A Rule 60(b) motion is not, in effect, a habeas petition if the motion attacks a ruling on a non-merits basis. *Id*.

Brewington alleges the Philadelphia District Attorney committed unspecified *Brady* violations by withholding requested discovery material during the state court trial. Brewington does not support the claim that his state conviction was tainted by a fraud on the court with any other allegations. He fails to allege specific fraudulent activity by the Philadelphia Police

5

Department or during his PCRA proceedings.³ The allegation that the Philadelphia District Attorney withheld *Brady* evidence is a collateral attack on the merits of Brewington's state conviction. Such a collateral attack is not within the narrow exception allowed by *Gonzalez*; the Rule 60(b)(3) claim is deemed Brewington's third habeas petition.

The third habeas petition is subject to the AEDPA restrictions of 28 U.S.C. § 2244, such as the one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The statute of limitations for Brewington to seek federal habeas relief expired on May 13, 2005; the third habeas petition, filed on May 4, 2011, is untimely. The court does not have jurisdiction to consider it.

Even if the third habeas petition were timely, the court would not have jurisdiction to consider it because AEDPA restricts a petitioner from filing a second or successive habeas petition. 28 U.S.C. § 2244(b). If the claim presented in the second or successive habeas petition was not adjudicated on the merits in a previous habeas petition, the claim "must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez*, 545 U.S. at 530; *see also* 28 U.S.C. § 2244(b)(2). A petitioner seeking consideration of a second or successive habeas petition must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

Although Brewington raised the fraud on the court argument in his second habeas petition, the court did not adjudicate the claim on the merits. *See Brewington*, 2010 WL

---

³Brewington may be basing his fraud on the court allegations on the numerous claims of prosecutorial and judicial misconduct set forth in his second habeas petition and objections to Magistrate Judge Rueter's R&R. Brewington does not state this, and the court is not obligated to construe his Rule 60(b)(3) argument for him.

2697477, at *6. Brewington does not base his third habeas petition on a new and retroactive rule of constitutional law. Even if the allegations that the Philadelphia District Attorney and Philadelphia Police Department committed a fraud on the court are based on new facts showing a high probability of actual innocence, Brewington has failed to move for an order from the Court of Appeals authorizing this court to consider his third habeas petition. The Rule 60(b)(3) claim will be denied as an untimely, successive habeas petition.

Brewington asserts, under Rule 60(b)(6), the court erred when it dismissed the second habeas petition as untimely. Brewington contends the court should have held the first habeas petition in abeyance, pending resolution of the unexhausted state claims, and allowed the second habeas petition to relate back to the first habeas petition. He also contends Magistrate Judge Smith should have excused the first habeas petition from the AEDPA exhaustion requirement because of inordinate delay in the PCRA proceedings. Brewington contends, in the alternative, the court should have applied equitable tolling to the first habeas petition.

The Rule 60(b)(6) claims do not contest the merits of the prior habeas petitions or state conviction. The court may consider the Rule 60(b)(6) claims because, under the narrow exception in *Gonzalez*, Brewington asserts error in a ruling that precluded a merits determination. *See Gonzalez*, 545 U.S. at 532-33; *see also Pridgen v. Shannon*, 2002 WL 31122131, at *4-5 (E.D. Pa. Sept. 26, 2002) (considering challenge to dismissal of petitioner's habeas petition as untimely), *aff'd*, 380 F.3d 721 (3d Cir. 2004). The Rule 60(b)(6) claims are not deemed a habeas corpus petition subject to the restrictions of 28 U.S.C. §2244.

Under Rule 60(b)(6), a movant must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. Brewington claims the court's

failure to stay and abey his first habeas petition constitutes an extraordinary circumstance. The court may stay and abey a federal habeas petition pending exhaustion of a petitioner's state claims in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court should stay a habeas petition when petitioner demonstrates: (1) good cause for failure to exhaust state claims first; (2) the unexhausted state claims are potentially meritorious; and (3) petitioner has not engaged in intentionally dilatory tactics. *Id.* at 277-78.

The court rejected the argument that it should have stayed and abeyed the first habeas petition and allowed the second habeas petition to relate back. *Brewington*, 2010 WL 2697477, at *3-4. Brewington did not show good cause for failing to exhaust his state claims before he filed his first habeas petition. *Id.* at *4. The first PCRA petition was properly filed and tolled the AEDPA statute of limitations before it accrued. *Id.* Brewington's dissatisfaction with the PCRA court's alleged delay in deciding the first PCRA petition was not good cause to file a federal habeas petition before exhausting state claims. After the first PCRA petition was exhausted in the state court system, Brewington had an entire year to re-file a federal habeas petition but failed to do so. *Id.* When the court dismissed the first habeas petition, it was as if it had never existed; the second habeas petition could not relate back to the first habeas petition. *Hull v. Kyler*, 190 F.3d 88, 103-04 (3d Cir. 1999).

Brewington contends the court's failure to excuse the first habeas petition from the AEDPA exhaustion requirement because the PCRA proceedings were inordinately delayed constitutes an extraordinary circumstance. AEDPA provides that a petition for writ of habeas corpus shall not be granted unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "[I]nexcusable or inordinate delay by the state

in processing claims for relief may render the state remedy effectively unavailable." *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986). When delay renders the state remedy ineffective to protect the petitioner's rights, the court may excuse the AEDPA exhaustion requirement. *Id.*

Brewington filed his first PCRA petition on June 15, 2000, and waited until February 20, 2001 to file his first habeas petition. A delay of approximately eight months does not excuse Brewington from the AEDPA exhaustion requirement. *See, e.g.*, *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002) (delay of twenty-seven months does not constitute "inordinate delay"); *Singleton v. Wydner*, 485 F. Supp. 2d 602, 606 (E.D. Pa. 2007) (delay of nineteen months does not constitute "inordinate delay").

Brewington contends the court's failure to apply equitable tolling to his first habeas petition constitutes an extraordinary circumstance. The court may apply equitable tolling to the AEDPA statute of limitations when the petitioner shows: (1) he has been pursuing his claims diligently; and (2) extraordinary circumstances prevented a timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The court rejected Brewington's argument that he was entitled to equitable tolling when it dismissed his second habeas petition. *Brewington*, 2010 WL 2697477, at *4-6. In his objections to Magistrate Judge Rueter's R&R, Brewington failed to show extraordinary circumstances that prevented him from timely filing a habeas petition based on: (1) attorney negligence; (2) being mislead when the Philadelphia District Attorney asserted an exhaustion defense in response to the first habeas petition; or (3) having never been given "the deletion option," *i.e.*, the option to proceed on only exhausted state claims in his second habeas petition. *Id.*

Brewington fails to show he is entitled to equitable tolling because the court deprived him

9

of the ability to seek federal habeas review when it dismissed the first habeas petition. None of Brewington's claims were exhausted when he filed his first habeas petition. The court dismissed the first habeas petition before the AEDPA statute of limitations had accrued; Brewington had an entire year after exhausting his state claims to file a federal habeas petition. No extraordinary circumstances prevented Brewington from filing a second habeas petition after exhausting his state claims before the statute of limitations had run. Dismissal of the first habeas petition did not constitute an extraordinary circumstance warranting equitable tolling. *Cf. Urcinoli v. Cathel*, 546 F.3d 269, 273-77 (3d Cir. 2008) (equitable tolling appropriate when district court dismissed exhausted claims in a mixed habeas petition that were already beyond the statute of limitations). The contention that the court denied Brewington one full round of federal review of the merits of his claims when it dismissed his second habeas petition does not, by itself, entitle him to relief under Rule 60(b). *Rainey v. Wynder*, 2007 WL 2221410, at *3 (E.D. Pa. July 30, 2007).

Brewington fails to show extraordinary circumstances that justify reopening his action. The Rule 60(b)(6) claims are little more than a reiteration of his objections to Magistrate Judge Rueter's R&R, already rejected when the court dismissed the second habeas petition. Brewington cannot circumvent the court's prior decision by asserting identical contentions under Rule 60(b)(6). The Rule 60(b)(6) motion will be denied.

**B.     Article III of the Constitution of the United States**

Brewington claims, under Article III of the Constitution of the United States, he can directly invoke the court's inherent equitable power to revise its previous decision in the interest of justice. Brewington also claims the court is not restricted by AEDPA because the court's inherent equitable powers cannot be constrained by statute or rule.

The court may adjudicate a claim only if it has jurisdiction under Article III *and* a federal statute. *West Penn Power Co. v. Train*, 522 F.2d 302, 313-14 (3d Cir. 1975). "Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress." *Kline v. Burke Contr. Co.*, 260 U.S. 226, 234 (1922). No federal statute provides the court with jurisdiction to reopen Brewington's habeas petition solely under Article III.

Article III of the United States Constitution grants Congress the authority to make "Exceptions" to the jurisdiction of federal courts, and to create "Regulations" limiting that jurisdiction. U.S. Const. art. III, § 2, cl. 2. Congress enacted AEDPA partly to impose restrictions on federal habeas jurisdiction. *See*, *e.g.*, *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Brewington cannot circumvent AEDPA restrictions by proceeding directly under Article III.[4]

The court does not have jurisdiction to reopen its previous habeas judgment under Article III and must abide by the provisions of AEDPA. The court does not have inherent equitable power to revisit its previous decision under Article III.

---

[4] The court considers whether Brewington can bring his claims under Article I of the United States Constitution, which provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Brewington does not have a right to direct action under Article I. *Russell v. Williamson*, 2006 WL 58853, at *5 (M.D. Pa. Jan. 10, 2006) "The Suspension Clause is a prohibition against suspending the writ except in certain limited circumstances, not a positive grant of jurisdiction to issue the writ." *Id.* Although there may be legislation so restrictive it violates the Constitution, no appellate court has found AEDPA unconstitutional. *See, e.g.*, *Duhaime v. Ducharme*, 200 F.3d 597, 601 (9th Cir. 2000); *Green v. French*, 143 F.3d 865, 874-75 (4th Cir. 1998), *abrogated on other grounds by Williams v. Taylor*, 529 U.S. 362 (2000); *Lindh v. Murphy*, 96 F.3d 856, 867-68 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997).

      **C.**      **28 U.S.C. § 2243**

Brewington claims the court has broad equitable powers to revise its previous habeas judgment in the interest of justice under 28 U.S.C. § 2243. Brewington also claims § 2243 is not restricted by AEDPA because AEDPA did not repeal or revise § 2243 and a statute is not subject to the same limitations that apply to Rule 60(b).

Section 2243 directs the court to "summarily hear and determine the facts, and dispose of [a petition for writ of habeas corpus] as law and justice require." 28 U.S.C. § 2243. Section 2243 does not provide the court with jurisdiction to reopen a prior habeas judgment, "particularly when doing so would violate the restrictions of AEDPA and the applicable Federal Rules of Civil Procedure." *Rainey v. Wynder et al.*, 2007 WL 2221410, at *4 (E.D. Pa. July 30, 2007); *see also Devon v. Wynder et al.*, 2007 WL 2493694, at *2 (E.D. Pa. Aug. 27, 2007) (section 2243 does not authorize district court to reopen prior habeas judgment).

Sections 2243 and 2244 are both part of Chapter 153 of Title 28 of the United States Code and deal with petitions for habeas corpus. Section 2244(b) specifies restrictions on a "second or successive" habeas corpus petition, and § 2244(d) establishes the "1-year period of limitation" applicable to a habeas petition. Section 2243 does not mention either successive habeas petitions or the statute of limitations. "In situations where a petitioner is seeking habeas corpus relief and two different parts of the various habeas corpus statutes may apply, the more specific habeas corpus statute takes precedence over the more general habeas corpus statute." *Holloway v. Klopotoski, et al.*, 2008 WL 552649, at * 3 (E.D. Pa. Feb. 28, 2008). Section 2244(b), providing specific restrictions on habeas petitions, takes precedence over § 2243.

Brewington cannot use § 2243 to circumvent the AEDPA restrictions by asserting he is proceeding solely under § 2243.  The court does not have jurisdiction to vacate its previous habeas judgment under 28 U.S.C. § 2243.

## III.     CONCLUSION

The motion for equitable relief and relief from judgment will be denied with prejudice. An appropriate Order follows.