IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH BREWINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-3133 |
| | : | |
| MICHAEL D. KLOPOTOSKI, THE | : | |
| DISTRICT ATTORNEY OF THE COUNTY | : | |
| OF PHILADELPHIA, and THE ATTORNEY | : | |
| GENERAL OF THE STATE OF | : | |
| PENNSYLVANIA | : | |

NORMA L. SHAPIRO, J.                                                          AUGUST 29, 2012

## MEMORANDUM

Petitioner Keith Brewington ("Brewington"), an inmate at the Dallas State Correctional Institution in Dallas, Pennsylvania, has filed a *pro se* motion for reconsideration of the March 29, 2012 Memorandum and Order dismissing his third habeas corpus petition and his Federal Rule of Civil Procedure 60(b) motion. The motion for reconsideration will be denied because Brewington has failed to show an intervening change in the controlling law, the availability of new evidence, or that the court made a clear error of law.

**I.        BACKGROUND**

A state court jury convicted Brewington of first degree murder and conspiracy to commit first degree murder. The Superior Court of Pennsylvania affirmed the conviction on direct appeal, *Commonwealth v. Brewington*, 740 A.2d 247, 258 (Pa. Super. Ct. 1999), and the Supreme Court of Pennsylvania denied his request for discretionary review. *Commonwealth v. Brewington*, 758 A.2d 660 (Pa. 2000).

Brewington filed a timely *pro se* petition for collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541, *et seq*. While the PCRA petition was pending, Brewington filed a *pro se* federal petition for writ of habeas corpus. Pet., *Brewington v. Varner*, No. 01-1172 (E.D. Pa. Feb. 20, 2001). This court, adopting the Report and Recommendations ("R&R") issued by Magistrate Judge Charles B. Smith, dismissed the habeas petition without prejudice for failure to exhaust state court remedies because of the pending PCRA petition. Order, *Brewington v. Varner*, No. 01-1172 (E.D. Pa. April 16, 2002).

The PCRA court appointed counsel for Brewington; counsel filed an amended PCRA petition. The PCRA court dismissed the amended petition on the merits; the Superior Court of Pennsylvania affirmed the dismissal on April 13, 2004. *Commonwealth v. Brewington*, 852 A.2d 1244 (Pa. Super. Ct. 2004). Brewington had until May 13, 2004 to seek review with the Supreme Court of Pennsylvania, but did not do so. On May 13, 2004, the one-year statute of limitations for Brewington to file a federal petition for writ of habeas corpus accrued. *See* 28 U.S.C. § 2244(d)(1).

On May 11, 2004, Brewington filed a second *pro se* PCRA petition. The PCRA court dismissed the second PCRA petition as untimely, Order, *Commonwealth v. Brewington*, No. 1989-0302 (Ct. Com. Pl. Phila. April 15, 2005), and the Superior Court of Pennsylvania affirmed. *Commonwealth v. Brewington*, No. 955 EDA 2005 (Pa. Super. Ct. June 23, 2006). The second PCRA petition did not toll the statute of limitations for federal habeas relief because the petition was untimely. *See* 28 U.S.C. § 2244(d)(2). The limitations period for federal habeas relief expired on May 13, 2005.

Brewington filed a second *pro se* federal petition for writ of habeas corpus on July 15, 2009–over four years after the limitations period had expired. This court, adopting the R&R issued

2

by Chief Magistrate Judge Thomas J. Rueter, dismissed the petition as untimely. *Brewington v. Klopotoski et al.*, 2010 WL 2697477, at *6 (E.D. Pa. July 6, 2010). The Court of Appeals denied Brewington's application for a certificate of appealability. Order, *Brewington v. Klopotoski, et al.*, No. 10-3209 (3d Cir. Oct. 21, 2010).

Brewington, filing a motion for equitable relief under Federal Rule of Civil Procedure 60(b)(3) & (6), asked the court to vacate its dismissal of his second habeas petition and reopen his proceedings. By Memorandum and Order of March 29, 2012, the court deemed the Rule 60(b)(3) motion, alleging fraud on the court, a third habeas corpus petition, and dismissed it as untimely and successive. *Brewington v. Klopotoski*, 2012 WL 1071145, at *3 (E.D. Pa. Mar. 29, 2012). The court denied the Rule 60(b)(6) motion contending the court erred when it dismissed the second habeas petition as untimely, because movant failed to show extraordinary circumstances that warranted reopening his proceedings. *Id.* at *5-6. Brewington now moves for reconsideration; defendants have not opposed the motion.

## II.   DISCUSSION

Brewington titled his *pro se* motion a "Traverse/Response/Objections" to the court's March 29, 2012 Memorandum and Order. "[T]he function of the motion, and not the caption, dictates which Rule is applicable." *United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003). Federal Rule of Civil Procedure 59(e) provides a movant with the ability to request that the court alter or amend a judgment. Brewington requests that the court reconsider its March 29, 2012 Memorandum and Order and grant him: (1) relief from judgment; (2) an evidentiary hearing; and (3) leave to file an action alleging fraud on the court. Accordingly, the court construes the *pro se* motion as a motion for reconsideration under Rule 59(e).

A court may alter or amend a judgment if a party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration is subject to the sound discretion of the court.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).  Motions for reconsideration are rarely granted because "courts have a strong interest in the finality of judgments."  *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his motion for reconsideration, Brewington contends: (1) the court erred when it dismissed his Rule 60(b)(3) motion alleging fraud on the court, as an untimely, successive habeas petition; (2) he is actually innocent; and (3) he received ineffective assistance of counsel in his post-conviction relief proceedings.[1]

A.   Fraud on the Court

Brewington contends the court erred when it denied his Rule 60(b)(3) motion as an untimely, successive habeas petition, because a motion alleging fraud on the court cannot be time-barred.  A federal court has the inherent equitable power to vacate its own prior civil judgment when a fraud has been perpetuated on the court, even though the time period for altering the prior judgment has elapsed.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244-45 (1944)).  A federal court *does not* have

---

[1] Brewington also claims the court should have given him the "deletion option," and that the court should have considered his second habeas petition to be his first habeas petition.  Brewington does not provide any authority to support these claims; "a passing reference to an issue in a brief will not suffice to bring that issue before this court."  *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1066 (3d Cir. 1991). The court, having rejected these claims in the March 29, 2012 Memorandum and Order, need not address them again here.

the power to vacate its own or a state's prior criminal judgment obtained by fraud, outside of power authorized by statute, *i.e.*, through a writ of habeas corpus. *United States v. Washington*, 549 F.3d 905, 911-14 (3d Cir. 2008); *Wells v. King*, 340 F. App'x 57, 58 (3d Cir. 2009) (unpublished). "[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

Brewington alleges his state criminal conviction was obtained through fraudulent means because: (1) the district attorney's office withheld discovery materials; (2) he never received a complete trial transcript or set of trial notes; (3) the district attorney's office fabricated fingerprint evidence; (4) a homicide detective provided false testimony; and (5) a medical examiner provided false testimony. Brewington's allegations are collateral attacks on his state criminal conviction; he does not allege a fraud was perpetuated on this court during his habeas proceedings. Although his claim that he has been denied "one full round of federal appellate review" may constitute an attack on the integrity of the habeas court, he does not allege the lack of federal review is a result of a fraud perpetuated on the habeas court. The "mere failure to reach the merits of a case is not a sufficient reason to set aside a judgment pursuant to Rule 60(b)." *Rainey v. Dist. Attorney's Office of Phila.*, 2009 WL 4729897, at *4 (E.D. Pa. Dec. 10, 2009).

The court did not have the power to vacate Brewington's state criminal conviction on a Rule 60(b)(3) motion; the only means to challenge his state criminal conviction was by a writ of habeas corpus. *Washington*, 549 F.3d at 911-14; *Wells*, 340 F. App'x at 58. The court was correct when it determined the Rule 60(b)(3) motion, alleging fraud on the court in his state criminal conviction, was a habeas petition subject to the restrictions of the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA").  AEDPA, codified in relevant part at 28 U.S.C. §§ 2241-2266, provides a one-year statute of limitations for habeas petitions.  *See* 28 U.S.C. § 2244(d)(1).  The statute of limitations for Brewington to seek federal habeas relief expired on May 13, 2005, and he filed a third habeas petition on May 4, 2011.  The court correctly determined it did not have jurisdiction to consider his untimely habeas petition.

Brewington has not shown the court committed a clear error of law when it denied his Rule 60(b)(3) motion as an untimely, successive habeas petition.  His motion for reconsideration of the court's dismissal of the Rule 60(b)(3) motion will be denied.

B. Actual Innocence

Brewington contends he should be excused from the AEDPA statute of limitations because he is actually innocent.  The Third Circuit Court of Appeals has not decided whether a claim of actual innocence in a *habeas* petition may equitably toll the one-year statute of limitations under 28 U.S.C. § 2244(d).  *See McKeever v. Warden SCI-Graterford*, 486 F.3d 81, 84 n. 5 (3d Cir. 2007); *Reed v. Harlow*, 448 F. App'x 236, 238 n. 2 (3d Cir. 2011) (unpublished).

"A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." *McNeal v. Maritank Phila., Inc.*, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999).  Brewington raises his claim of actual innocence for the first time in his motion for reconsideration of the court's dismissal of his Rule 60(b) motion and third habeas petition.  The court will not consider his contention that a claim of actual innocence excuses him from the AEDPA statute of limitations as a basis for reconsideration.[2]

---

[2] A petitioner who claims actual innocence must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

C.    Ineffective PCRA Counsel

Brewington contends he was denied effective assistance of counsel in his PCRA proceedings. Brewington contends a claim of ineffective PCRA counsel raised in a habeas petition overcomes any procedural bar, under the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). He did not raise ineffective assistance of PCRA counsel as a basis for his Rule 60(b) motion and third habeas petition; the court will not consider a new legal theory for the first time on a motion for reconsideration. *McNeal*, 1999 WL 80268, at *4.

The *Martinez* case held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S.Ct. at 1320. Brewington does not claim his trial counsel was ineffective; he claims his PCRA counsel was ineffective during the PCRA proceedings. Even if the court could consider Brewington's claim, *Martinez* is not an intervening change in the controlling law that would provide him relief on a motion for reconsideration.

III.    CONCLUSION

The motion for reconsideration will be denied; an appropriate Order follows.

---

physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Brewington has failed to present any evidence in support of his actual innocence claim; even if the court could consider the claim, it would fail.